IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 19 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO.: 1:10-cv-3801 -ODE |
| ) | |
| DEONTA FAMBLE, ADAM ) | |
| BERNARD JONES, AND ) | |
| INVESTMENT DYNAMICS, INC. ) | |
| d/b/a BLUE FLAMES LOUNGE, ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANT INVESTMENT DYNAMICS, INC. d/b/a BLUE FLAME LOUNGE (incorrectly named as "Blue Flames Lounge.")

COMES NOW Defendant Investment Dynamics, Inc. d/b/a Blue Flame Lounge, incorrectly named as "Blue Flames Lounge," (hereinafter, "Investment Dynamics") and files this, its Answer to Plaintiff's Complaint for Declaratory Judgment and shows this Court as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted and as such, its Complaint cannot stand.

### SECOND DEFENSE

Investment Dynamics asserts the affirmative defenses of estoppel and laches.

## **THIRD DEFENSE**

In response to the individually numbered allegations of Plaintiff's Complaint, Investment Dynamics states as follows:

1.

Investment Dynamics denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Investment Dynamics admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Investment Dynamics admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Pursuant to Plaintiff's filing of the declaratory action, Investment Dynamics admits that Plaintiff is seeking a declaration from this court; however, Defendant Investment Dynamics denies that Plaintiff is entitled to such a declaration.

5.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 5 of Plaintiff's Complaint; therefore, said Paragraph is denied.

6.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 6 of Plaintiff's Complaint; therefore, said Paragraph is denied.

7.

Investment Dynamics admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Investment Dynamics admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 9 of Plaintiff's Complaint; therefore, said Paragraph is denied.

10.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 10 of Plaintiff's Complaint; therefore, said Paragraph is denied.

11.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 11 of Plaintiff's Complaint; therefore, said Paragraph is denied.

12.

Investment Dynamics admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 13 of Plaintiff's Complaint; therefore, said Paragraph is denied.

14.

Investment Dynamics has insufficient knowledge to form a belief as to the allegations in Paragraph 14 of Plaintiff's Complaint; therefore, said Paragraph is denied.

15.

Investment Dynamics admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Investment Dynamics admits that the underlying lawsuit makes the stated allegations.

17.

Investment Dynamics admits that the underlying lawsuit makes the stated allegations.

18.

Investment Dynamics admits the allegations contained in Paragraph 18 of Plaintiff's Complaint as written; however, further states that it provided notice as soon as practical.

19.

Investment Dynamics admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Investment Dynamics admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Responding to paragraph 21 of Plaintiff's Complaint, Investment Dynamics realleges and reincorporates by reference its responses to paragraphs 1-20 of Plaintiff's Complaint as though fully set forth herein.

22.

Investment Dynamics denies the allegations contained in Paragraph 22 of Plaintiff's Complaint, including subparts A and B and the entire "Wherefore" clause including its subparts.

23.

Any allegation included in Plaintiff's Complaint not specifically addressed in Investment Dynamics' Answer is hereby denied.

WHEREFORE, Defendant Investment Dynamics, Inc. d/b/a Blue Flame Lounge hereby respectfully requests that the Court dismiss the present action, with all costs to be attributed to Plaintiff.

This 19th day of January, 2011.

APOLINSKY & ASSOCIATES, LLC

STEPHEN D. APOLINSKY

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO.: 1:10-cv-3801 -ODE |
| ) | |
| DEONTA FAMBLE, ADAM ) | |
| BERNARD JONES, AND ) | |
| INVESTMENT DYNAMICS, INC. ) | |
| d/b/a BLUE FLAMES LOUNGE, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing ANSWER OF DEFENDANT INVESTMENT DYNAMICS, INC. d/b/a BLUE FLAME LOUNGE (incorrectly named as "Blue Flames Lounge.") upon all parties by depositing a true copy of same in the U.S. Mail, first class postage prepaid, and addressed as follows:

| | |
|---|---|
| Kenan G. Loomis, Esq.<br>Jennifer Kennedy-Coggins, Esq.<br>Cozen O'Connor<br>SunTrust Plaza, Suite 2200<br>303 Peachtree St., N.E.<br>Atlanta, Georgia 30308 | |

This 19th day of January, 2011.

APOLINSKY & ASSOCIATES, LLC

_____
STEPHEN D. APOLINSKY

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
(404) 377-9191